**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Newton Head,<br>            Petitioner,<br>v.<br>David Shinn, et al.,<br>            Respondents. | No. CV-22-08048-PCT-JAT<br>**ORDER** |

Pending before this Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1). The Magistrate Judge to whom this case was referred issued a Report and Recommendation ("R&R"), recommending that the Petition be denied and dismissed with prejudice. (Doc. 10). Petitioner filed Objections to the R&R, (Doc. 11), and Respondents replied to the Objections. (Doc. 12).

**I.    Review of the R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'");

*Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). Thus, the portions of the R&R to which Petitioner objects will be reviewed de novo.

### II.   Factual and Procedural Background in State Court

The R&R recounts the factual and procedural background of this case in the state courts at pages 1–3. (Doc. 10 at 1–3). This Court finds the R&R correctly summarized the state court proceedings and accepts and adopts this background.

Ultimately, the jury found Petitioner guilty of two counts of child prostitution, and the trial court "sentenced him to mitigated, consecutive terms of seven years' imprisonment." (Doc. 10 at 2).

### III.   Petition Claim: Ineffective Assistance of Counsel

In this case, Petitioner raises one claim for relief, asserting a violation of his Sixth Amendment right to effective assistance of counsel. (Doc. 1–2 at 2–3; 10 at 3). At trial, the defense's "theory was that Petitioner sought an arrangement with adult prostitutes, not children. Counsel argued that upon meeting the undercover officers in the hotel room—who were in fact ages 22 and 29—Petitioner knew they were not underage." (Doc. 10 at 5). Trial counsel also alleged "that although the women claimed to be 16-year-old girls, Petitioner thought the women were carrying out a child sex fantasy." (*Id.*).

Petitioner now argues that his trial counsel was ineffective in failing to interview or call character witnesses to testify at trial in support of an "extreme altruism defense"—that Petitioner was actually intending to extricate prostituted children. (Doc. 12 at 3). Petitioner alleges "he had dual motives in meeting the women: to pay adult women for sex or to rescue underage girls from prostitution, depending on what ages the individuals appeared to be upon meeting face-to-face." (Doc. 10 at 6).

### IV.   Law Governing the Petition

At pages 3–4, the R&R recounts the law governing a federal court's review of a habeas petition for a claim that was exhausted in the state courts under 28 U.S.C. § 2254(d).

(Doc. 10 at 3–4). The R&R also recites the law governing ineffective assistance of counsel claims under *Strickland v. Washington*, at pages 4–5. (*Id.* at 4–5). As neither party has objected to these summaries of the governing law, this Court hereby accepts and adopts them.

Habeas claims are governed by the applicable provisions of the AEDPA, whose "'highly deferential standard for evaluating state-court rulings' . . . demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 (1997)). The federal court is also required to give deference to defense counsel on review of ineffective assistance of counsel claims, under *Strickland*. *See, e.g.*, *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). The *Strickland* standard is highly deferential, and "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *see also Cox v. Ayers*, 613 F.3d 883, 893 (9th Cir. 2010). Thus, on habeas review of Petitioner's claim, two deferential standards apply "because the court must give 'both the state court and the defense attorney the benefit of the doubt.'" (Doc. 10 at 5) (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

Under 28 U.S.C. § 2254(d), a petitioner is not entitled to habeas relief on any claim "adjudicated on the merits" by a state court unless the decision is (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts." *See Richter*, 562 U.S. at 100 (quoting 28 U.S.C. § 2254(d)); *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

**A. "Contrary To" or "Unreasonable Application"**

Habeas review under subsection (d)(1) requires this Court to first identify the "clearly established Federal law" that applies to the claims in the Petition. 28 U.S.C. § 2254(d)(1). Here, Petitioner's ineffective assistance of counsel claim is governed by

Supreme Court precedent as set forth in *Strickland v. Washington*. (Doc. 10 at 4). Thus, unless the state court's adjudication was "contrary to" or resulted in "an unreasonable application of" the *Strickland* standard, Petitioner is not entitled to habeas relief under 28 U.S.C. § 2254(d)(1).

For a federal court to find a state court's application of Supreme Court precedent "unreasonable," the petitioner must establish the application was not merely "incorrect or erroneous" but "objectively unreasonable." *Andrade*, 538 U.S. at 75 (citing *Williams v. Taylor*, 529 U.S. 362, 409, 413 (2000)); *see also Visciotti*, 537 U.S. at 25. Thus, Petitioner must show "the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Visciotti*, 537 U.S. at 25.

   **i.** ***Strickland* Standard**

As indicated, Petitioner claims his counsel was ineffective by failing to interview character witnesses to testify in support of his extreme altruism defense. (Doc. 10 at 5–6). Under clearly established federal law regarding such claims, "Petitioner must show: (1) counsel's performance was deficient, . . . and (2) 'the deficient performance prejudiced the [petitioner's] defense.'" (*Id.* at 4) (quoting *Strickland*, 466 U.S. at 687–88).

   **a. Deficient Performance**

"Deficient performance" implies representation falling "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–89. When applying *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Accordingly, the *Strickland* "test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998).

"Reasonable professional assistance" under *Strickland* includes "a duty to make reasonable investigations." *Strickland*, 466 U.S. at 689, 691. Defense counsel's decision

not to interview character witnesses is thus considered for reasonableness. Prior to trial, Petitioner provided counsel with various character letters along with a list of witnesses willing to testify to his altruistic nature. (Doc. 10 at 6). In response, defense "counsel conferred with other attorneys in the office . . ., reviewed the character letters well in advance of trial, and talked to [Petitioner] about the letters and witnesses." (Doc. 1–10 at 3). Petitioner argues that because the "other attorneys" with which counsel conferred were unnamed, these discussions do not constitute a reasonable investigation. (Doc. 11 at 10). Yet, Petitioner neglects to acknowledge other modes of investigation also performed— namely, that trial counsel reviewed the letters and discussed them with Petitioner. (Doc. 1–10 at 3). Taken in the aggregate, this Court finds defense counsel's actions evince a reasonable investigation, as required under *Strickland*.

Notwithstanding the above conclusion, this Court considers Petitioner's objection that because counsel failed to interview the witnesses, the investigation was necessarily deficient. (Doc. 11 at 2). Under *Strickland*, trial counsel is not required to investigate but could, in the alternative, "make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. Petitioner argues that trial counsel could not possibly have had enough information about "witnesses who had never been interviewed" to make such a decision. (Doc. 11 at 3). However, when facts supporting a potential defense are at least generally known to counsel from what the defendant has communicated, "the need for further investigation may be considerably diminished or eliminated altogether." *Strickland*, 466 U.S. at 691. Thus, whether a decision to forego a particular investigation is considered reasonable "depends critically" on "information supplied [to counsel] by the defendant." *Id.*

While Petitioner claims the record does not detail "what exactly trial counsel actually knew," (Doc. 11 at 3), Petitioner's recounting of the events shows counsel's knowledge. Indeed, Petitioner provided character letters, the substance of which was reviewed by counsel and discussed with Petitioner prior to trial. (Doc. 10 at 7). Considering

these communications, this Court finds counsel had enough substantive information—as supplied by Petitioner—to make a reasonable decision against further investigation.

Moreover, "a defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. State of La.*, 350 U.S. 91, 101 (1955)). Counsel's decision not to interview character witnesses in support of the altruism defense can be considered strategic insofar as the record undercuts such a defense, the presentation of which would risk undermining Petitioner's credibility. In an audio recording, Petitioner mentioned he "liked younger girls" and agreed to pay for a sexual arrangement with both undercover officers. (Doc. 10 at 6) (quoting Doc. 8–1 at 486). Shortly after disconnecting the call, Petitioner called back to cancel, expressing he was worried about "get[ting] busted by the police." (*Id.*) (quoting Doc. 8–1 at 486). Despite his concern, Petitioner then decided to proceed. (*Id.*) (citing Doc. 8–1 at 487).

Both video and audio recordings of the hotel room further contradict any alleged altruistic motivation. (Doc. 10 at 6–7). The recordings reveal Petitioner asking if the women were police officers, followed by the women asking Petitioner in return. (*Id.*). When Petitioner denied he was with law enforcement, one of the officers stated she was relieved as she "did not want to go to juvi," (Doc. 8–1 at 496), and the other officer commented she was worried about "get[ting] in trouble with [her] mom." (Doc. 10 at 7) (quoting Doc. 8–1 at 532). One of the officers even "referred to herself as '16, young and spunky.'" (Doc. 10 at 7) (quoting Doc. 8–1 at 533). Following this exchange, Petitioner paid the officers and then requested they "get naked." (*Id.*) (quoting Doc. 8–1 at 533). Considering this record, this Court finds trial counsel acted reasonably in choosing not to present character testimony in support of an extreme altruism defense that was not believable, appeared largely inconsistent with the record, and would likely undermine the defense's credibility. Moreover, Petitioner's difference of opinion in such trial strategy "is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980).

Petitioner further discusses *LaGrand*, *Eggleston*, and *Matylinsky*—cases to which the R&R cites only once—at length. (Doc. 11 at 2–7). Petitioner distinguishes the facts of these cases from his own, contending they are "entirely inapposite and do not support trial counsel's complete failure to interview witnesses." (*Id.* at 2). In delving into such factual distinctions, however, Petitioner misses the mark since these cases do not set the standard for deficient performance. In his Objections, Petitioner fails entirely to address the application of *Strickland*, the pertinent "clearly established Federal Law." *See* 28 U.S.C. § 2254(d)(1).

Petitioner further objects to the R&R and argues that trial counsel committed legal error regarding the relevance of character evidence, thus resulting in deficient performance. (Doc. 11 at 9–10). In a strained attempt to reach legal error, Petitioner misconstrues counsel's assertion that character evidence was irrelevant. (Doc. 1–2 at 12–13). Petitioner distorts counsel's intended meaning—that character evidence would be irrelevant in *this* case insofar as it did not align with trial strategy—to argue counsel believed character evidence generally is always legally irrelevant. (*See* Doc. 10 at 8). Yet, counsel demonstrated an understanding of the relevance of character evidence in using the 2014 letters in settlement negotiations, filing them as an attachment to a settlement memorandum, and even filing them at sentencing. (*Id.* at 6). Petitioner's contention that counsel did not possess this basic understanding is thus inconsistent with the record. In other words, counsel deciding that the extreme altruism defense that this character evidence would have allegedly supported was not a viable trial strategy was a reasonable strategic decision and a sufficient reason for counsel to conclude that witnesses would be irrelevant.

"Applying a heavy measure of deference to counsel's judgments," Petitioner does not demonstrate that the strategic decision against interviewing character witnesses fell outside the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 691. Thus, this Court finds the state court did not unreasonably apply *Strickland* in determining that trial counsel's performance was not deficient.

///

### b. Establishing Prejudice

Because Petitioner has not established deficient performance, this Court need not analyze these facts under the second *Strickland* prong.[1] Notwithstanding the above analysis, this Court concludes that, had counsel's performance been deficient, Petitioner has failed to show prejudice. To establish prejudice, the movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Furthermore, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

Petitioner has not demonstrated a "reasonable probability" that but for counsel's failure to obtain character witness testimony, the outcome of his trial would have been different. *See Strickland*, 466 U.S. at 694. Petitioner provides no evidence that such testimony would likely have been outcome-determinative and neglects to acknowledge the very "reasonable probability" of the alternative—that presenting the altruism defense would have undermined the trial strategy of arguing Petitioner knew the officers were adults. *Id.* Accordingly, this Court finds that trial counsel was not ineffective under *Strickland* for this alternative reason. Because Petitioner has not established deficient performance or prejudice based on a failure to interview character witnesses, his theory of ineffective assistance of counsel does not form the basis for habeas relief in this case.

### B. "Unreasonable Determination of Facts"

Under § 2254(d)(2), a state court adjudication "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340

---

[1] If Petitioner is unable to establish the first of *Strickland's* two prongs, this Court need not evaluate the second. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998) ("We have previously held that it is unnecessary to consider the prejudice prong of *Strickland* if the petitioner cannot even establish incompetence under the first prong." (citation omitted)).

1   (2003); *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). Because state court factual determinations are presumed to be correct, a petitioner bears the "burden of rebutting [this] presumption . . . by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Schriro v. Landrigan*, 550 U.S. 465, 473–74 (2007); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005).

Petitioner argues that the state court "mistook the character letters provided to counsel before trial in 2014 for the letters prepared for sentencing in 2017" and thus made a mistake of fact—on which the adjudication was based—in concluding that counsel had reviewed the letters. (Doc. 10 at 8). Petitioner argues the state court could not possibly have been referring to the 2014 letters because those letters "spoke only to Petitioner's good character generally" whereas the 2017 letters incorporated "Petitioner's life-long proclivity to help others." (*Id.*). Petitioner contends that because the 2014 letters were not on point in regard to his altruistic character, the state court necessarily confused their content with that of the 2017 letters. (*Id.*).

Petitioner errs in suggesting that because the state court considered counsel's investigation to be reasonable based upon counsel's review of character letters, the court "was implicitly finding that those [l]etters were on the point." (Doc. 11 at 8). At the state court hearing, "Petitioner's counsel argued the 2014 letters were not as specific as the letters prepared for sentencing and were not sufficient to inform counsel's decision not to present character evidence at trial." (Doc. 10 at 8). Thus, as the R&R concludes, "[t]here is no evidence the [state] court overlooked this distinction when it noted that trial counsel reviewed the character letters before trial." (*Id.*). Accordingly, this Court finds Petitioner has failed to rebut the presumption of correctness of the state court's factual finding.

**V.   Conclusion**

Based on the foregoing, this Court finds the state court decision that counsel was not ineffective was neither contrary to nor an unreasonable application of clearly established federal law; nor was it an unreasonable determination of the facts. The objections are overruled in their entirety, and relief is denied.

1  **IT IS ORDERED** that the Report and Recommendation (Doc. 10) is accepted and
2 adopted; the Objections (Doc. 11) are overruled. The Petition is denied and dismissed with
3 prejudice, and the Clerk of the Court shall enter judgment accordingly.

4  **IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing
5 Section 2254 Cases, in the event Petitioner files an appeal, this Court denies issuance of a
6 certificate of appealability because Petitioner has not made a substantial showing of the
7 denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

8  Dated this 31st day of July, 2023.

James A. Teilborg
Senior United States District Judge